IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** ) | | |
| ) | | |
| **Plaintiff,** ) | | |
| ) | | **CRIMINAL ACTION** |
| **v.** ) | | |
| ) | | **Case No. 98-20044-KHV** |
| **ANTHONY HODGES,** ) | | |
| ) | | |
| **Defendant.** ) | | |
| _____) | | |

### ORDER

On June 6, 2006, defendant sent a letter which requested a copy of "the Federal Rule of Criminal Procedure Rule 6(f)" and stated that he wanted "only the grand jury ballot in the returned indicating the number of jurors concurring in the indictment." Doc. #100. In a letter dated June 19, 2006, defendant again requested "a copy of Rule 6(f) procedure." The Court construes defendant's request as a motion to disclose grand jury ballot information. The government has not responded to defendant's request. After careful consideration, the Court overrules defendant's motion.

### Factual Background

On June 10, 1998, a grand jury returned a one-count indictment against Anthony Hodges for possession with intent to distribute a Schedule II controlled substance. After trial, on September 22, 1998, a jury returned a guilty verdict. On February 25, 1999, the Court sentenced defendant to 151 months in prison, five years of supervised release with special conditions of supervision, $100.00 assessment and denial of federal benefits for five years.

### Analysis

Rule 6(e)(3)(E)(ii), Fed. R. Crim. P., authorizes courts to disclose grand jury matters at the request

of a defendant if he can show that "a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." "[P]arties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." Douglas Oil Co. of Cal. v. Petrol Stops Nw., 441 U.S. 211, 222 (1979). The Tenth Circuit has held that the most significant factor is the demonstration of "a particular, not a general, need" for the materials. United States v. Rockwell Int'l Corp., 173 F.3d 757, 759 (10th Cir. 1999) (quoting In re Lynde, 922 F.2d 1448, 1452 (10th Cir. 1991)). Once a party shows a particularized need, the Court must determine whether the need for disclosure outweighs the need for secrecy. Id. The burden to show that the need for disclosure outweighs the need for, and public interest in, secrecy rests upon the party seeking disclosure. Douglas Oil, 441 U.S. at 223.

In United States v. Campbell, 324 F.3d 497 (7th Cir. 2003), the Seventh Circuit concluded that a defendant who has exhausted all available attacks on an indictment cannot use Rule 6(e) to obtain grand jury information, reasoning that there are no more judicial proceedings in which defendant could use the materials to avoid injustice. In a concurring opinion, Judge Frank Easterbrook questioned the existence of subject matter jurisdiction in such cases, stating that the district court lacked jurisdiction to consider defendant's request for grand jury material because it had entered a final judgment. Id. at 500. Citing Carlisle v. United States, 517 U.S. 416 (1996), he noted that a district court cannot hear related issues, except to the extent authorized by statute or rule. In a later case, the Seventh Circuit did not decide the jurisdictional question, but noted in dictum that after collateral attack has been exhausted, a defendant's request for grand jury materials implies a lack of jurisdiction because a judge's power lapses after

sentencing. United States v. Scott, 414 F.3d 815, 816 (7th Cir. 2005).

The Court is persuaded that it lacks subject matter jurisdiction to hear defendant's motion. The Court entered final judgment on February 25, 1999. On October 4, 2001, the Court denied defendant's motion for relief under Section 2255. Doc. #82. On June 28, 2002, the Tenth Circuit denied defendant a certificate of appealability and dismissed his appeal. Appeal Mandate (Doc. #93). On November 22, 2002, the Tenth Circuit filed an appeal order, noting that defendant had been granted 30 days to file a motion for permission to file a second Section 2255 motion but had not done so. Doc. #98. Defendant's time for collateral attack has passed, and defendant has not shown that any further judicial proceedings are available to him, or that the information is necessary to avoid injustice. Accordingly, the Court lacks subject matter jurisdiction to consider this motion.

Even if the Court could exercise jurisdiction, it would deny defendant's request. Defendant has not shown a particularized need for grand jury information or that he seeks disclosure in connection with another judicial proceeding. In fact, defendant has offered no reason for his request. The Court therefore would deny defendant's motion.

**IT IS THEREFORE ORDERED** that defendant's Motion To Disclose Grand Jury Ballot Information (Doc. #100) filed June 27, 2006, be and hereby is **OVERRULED**.

Dated this 7th day of August, 2006, at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Court

3